UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USENS, INC., <br>     Plaintiff, <br> v. <br> SHI CHI, <br>     Defendant. | Case No. 18-cv-01959-SVK <br><br> **ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** <br><br> Re: Dkt. No. 29 |

Plaintiff uSens, Inc. moves for a preliminary injunction against Defendant Shi Chi, who was formerly a consultant to Plaintiff. ECF 29. uSens seeks an injunction "(1) prohibiting [Defendant] from disclosing, copying, or using Plaintiff's confidential information (defined as set forth in Provision 2 of the Consulting Agreement executed by the parties on July 22, 2013); and (2) demanding Defendant to immediately return Plaintiff's Dell laptop and cell phone that contain Plaintiff's confidential information." *Id.* at 1. Defendant opposes the motion. ECF 32. The Court held a hearing on September 18, 2018.

Based on a careful review of the parties' submissions, their arguments at the hearing, the case file, and relevant law, the Court DENIES Plaintiff's motion for a preliminary injunction for the reasons discussed at the hearing and as set forth below.

## I. FACTUAL BACKGROUND

### A. The parties

Plaintiff uSens, Inc. is a company headquartered in San Jose, California that "builds artificial intelligence-based computer-vision tracking solutions for augmented and virtual reality products." ECF 1 at ¶ 7.

Defendant Chi Shi worked for Plaintiff uSens as an independent contractor from July 22, 2013 to December 27, 2017. *Id.* at ¶ 8.

During a portion of the time Defendant was working as an independent contractor for Plaintiff uSens, he was also employed as Chief Operating Officer for another company, Hangzhou Linggan. *Id.* (stating that Defendant worked for Hangzhou Linggan from April 13, 2015 to December 27, 2017). Hangzhou Linggan is not a party to this action. However, throughout its motion, Plaintiff collectively refers to uSens and Hangzhou Linggan as "the Company." *See, e.g.,* ECF 29 at 1; ECF 29-2 at ¶ 3.

### B. The alleged trade secret misappropriation

Plaintiff's preliminary injunction motion focuses on several instances of alleged trade secret misappropriation by Defendant. First, Plaintiff claims that Defendant obtained and distributed a recording of a February internal business meeting of Hangzhou Linggan. ECF 29 at 6; ECF 29-2 at ¶¶ 3-5, 13; ECF 29-2 at ¶ 3. At the meeting, Anli He, the CEO of both Plaintiff and Hangzhou Linggan, "discussed various business topics and shared sensitive product technology with the employees, including product research and development progress, business development achievement, financial projection and roadmap of future projects." ECF 29-2 at ¶ 3. Toward the end of the meeting, she also "discussed various misconduct involving Defendant upon inquiries from a meeting attendee." *Id.* Defendant admits that he circulated clips of a recording of the February meeting, totaling less than ten minutes, after receiving an unsolicited recording. ECF 32-1 at ¶ 10. However, Defendant asserts that the clips were sent only to employees, independent contractors/consultants, or investors of the companies. *Id.* He also states that clips included only Ms. He's comments about Defendant and rebuttal comments. *Id.*

Second, Plaintiff alleges in its motion[1] that Guojin Chen, a former employee of Hangzhou Linggan, downloaded "the Company's" source code without authorization. ECF 29 at 4-7; ECF 29-2 at ¶¶ 7, 13. More specifically, Plaintiff claims that shortly after Mr. Chen's departure from Hangzhou Linggan, he used a company password and system key to download source code for the "SLAM algorithm" between February 15, 2018 and February 25, 2018. ECF 29-2 at ¶ 7. According to Plaintiff, Mr. Chen was later arrested by the Chinese police and allegedly confessed

---

[1] There are no allegations of misappropriation of source code in the Complaint. ECF 1.

2

that (1) Defendant knew that Mr. Chen would steal the source codes before Mr. Chen acted and encouraged him to do so, and (2) Defendant instructed Mr. Chen to record the February meeting and provided the recording to Defendant. ECF 29-2 at ¶ 13; ECF 29-3 at ¶ 14.

Third, Plaintiff claims that Defendant has failed to return a "Company-issued" Dell laptop and cell phone. ECF 29 at 7.

## II. LEGAL STANDARD

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). "The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). It "is not a preliminary adjudication on the merits." *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1423 (9th Cir. 1984). As such, the Court does not make any binding findings of fact but "only find[s] probabilities that the necessary facts can be proved." *Id*.

The traditional test for issuance of a preliminary injunction requires the plaintiff to establish "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter*, 555 U.S. at 20. Under the alternative "sliding scale" test, the elements of the preliminary injunction test are balanced so that a preliminary injunction may be granted where "the likelihood of success is such that serious questions going to the merits were raised and the balance of hardships tips sharply in [plaintiff's] favor." *Alliance for the Wild Rockies v. Cottrell,* 632 F.3d 1127, 1131 (9th Cir. 2011) (quotation marks and citation omitted).

In deciding whether to grant a preliminary injunction, the trial court has discretion to consider inadmissible evidence "when to do so serves the purpose of preventing irreparable harm before trial." *Flynt Distrib. Co., Inc. v. Harvey*, 734 F.2d 1389, 1394 (9th Cir. 1984). This rule recognizes that "[t]he urgency of obtaining a preliminary injunction necessitates a prompt determination and makes it difficult to obtain affidavits from persons who would be competent to testify at trial." *Id.*

3

Northern District of California

**A. DISCUSSION**

Plaintiff uSens argues that it is entitled to a preliminary injunction because: (1) "there are serious questions going to the merits of Plaintiff's trade secret misappropriation claim"; and (2) "the balance of the hardships tips sharply in Plaintiff's favor." ECF 29 at 6, 8. Both prongs of Plaintiff's argument lack sufficient evidentiary support to demonstrate the "probabilities that the necessary facts can be proved." *See Sierra On-Line*, 739 F.2d at 1423.

Plaintiff's motion for preliminary injunction is premised on its trade secret claim. A trade secret is information that: (1) derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) is the subject of reasonable measures to maintain its secrecy. 18 U.S.C. § 1839(3); Cal. Civ. C. § 3426.1(d).

First, Plaintiff has not adequately identified the information it alleges are trade secrets. *See National-Arnold Magnetics Co. v. Wood*, 46 Fed. App'x 416, 420 (9th Cir. 2002) (affirming district court's finding that plaintiff failed to establish likelihood of success on trade secret claim where plaintiff failed to establish or describe its trade secrets). With respect to the February meeting that was allegedly recorded and sent to Defendant, Plaintiff states that the topics discussed included "various business topics" and "sensitive product technology" including "product research and development progress, business development achievement, financial projection and roadmap of future projects." ECF 29-2 at ¶ 3. Although it is possible that these broad categories could include trade secrets, Plaintiff has failed to provide facts that support its conclusion that the information discussed constitutes a trade secret. Similarly, although Plaintiff claims that the "source codes for the SLAM algorithm" that Mr. Chen allegedly downloaded are "fundamental to the Company's augmented and virtual reality products" and "are regarded as highly protected trade secrets of the Company" (ECF 29-2 at ¶¶ 7-8), these assertions are too general to establish that the source code meets the legal definition of a trade secret. With respect to the cell phone and laptop, Plaintiff argues that "[i]t is highly likely that Defendant copied or saved the Company's confidential information on the Dell laptop" and "it is very likely that the Company-issued cell phone, currently possessed by Defendant, also contains the Company's

1 confidential information." ECF 29 at 7. These assertions are speculative and do not adequately

2 specify the alleged trade secrets that are located on the cell phone and laptop. Plaintiff's request

3 that the Court enjoin Defendant from "disclosing, copying, or using Plaintiff's confidential

4 information (defined as set forth in Provision 2 of the Consulting Agreement executed by the

5 parties on July 22, 2013" suffers from the same lack of specificity; an injunction must "describe in

6 reasonable detail—and not by referring to the complaint or other document—the act or acts

7 restrained or required." Fed. R. Civ. P. 65(d)(1)(C).

Second, Plaintiff has not demonstrated that the information it contends are trade secrets meet the statutory requirements for trade secret protection. Plaintiff has not offered any evidence that the information is not generally known, derives independent value from not being generally known, or is the subject of reasonable efforts to maintain its secrecy.

Third, an even more fundamentally, Plaintiff has not shown that it is the owner of the alleged trade secrets. Most of the evidence submitted by Plaintiff in support of its motion for preliminary injunction does not relate directly to Plaintiff uSens but instead relates to Hangzhou Linggan, which Plaintiff claims is "related" to uSens. *See* ECF 1 at ¶ 1. For example, uSens cites Defendant's distribution of a recording of a February 8, 2018 internal business meeting held by Hangzhou Linggan. ECF 29-2 at ¶¶ 3-4. Plaintiff also argues that it is entitled to the return of a Dell laptop and cell phone that were issued to Defendant, but the evidence submitted indicates these items were purchased by Hangzhou Linggan, not Plaintiff uSens. *See* ECF 32-1 at ¶ 20; ECF 33 at 9; ECF 33-3at ¶¶ 3-6.

Hangzhou Linggan is not a party to this action. Plaintiff has not established, either as a matter of law or fact, that Defendant's alleged interactions with non-party Hangzhou Linggan entitle Plaintiff to a obtain a preliminary injunction—particularly an injunction that would pertain to Defendant's possession of information and items that allegedly belong to Hangzhou Linggan. Plaintiff argues that it is related to Hangzhou Linggan and has submitted evidence that the companies share a Chief Executive Officer, Anli He. ECF 29-2 at ¶ 1. Plaintiff has also stated that Hangzhou Linggan and uSens "have a parallel corporate structure and under common control," with Hangzhou Linggan conducting business in China and uSens conducting "the exact

same business" in the United States. ECF 33 at 9; *see also* ECF 33-8 at ¶¶ 3-4. However, Plaintiff has not submitted evidence sufficient to establish that Defendant's alleged conduct towards Hangzhou Linggan creates either a likelihood that *uSens* will succeed in this action or that *uSens* will suffer irreparable harm without a preliminary injunction. Plaintiff has argued that the confidential information contained on the laptop "belongs to both Hangzhou and Linggan and uSens." *Id.* To be sure, trade secrets can be jointly owned. *StrikePoint Trading, LLC v. Sabolyk*, No. SACV071073DOCMLGX, 2008 WL 11334084, at *6 (C.D. Cal. Dec. 22, 2008). However, Plaintiff's complaint contains no allegations of shared trade secrets, and Plaintiff has presented no evidence concerning its interest in the alleged trade secrets at issue in this case.

Accordingly, Plaintiff has not presented evidence to satisfy the standard for a preliminary injunction, either under the traditional test or the "sliding scale" approach, and thus Plaintiff's motion is DENIED.

### III. CONCLUSION

For the reasons set forth above, Plaintiff's motion for a preliminary injunction is DENIED. Defendant is reminded of his duty to preserve evidence, including but not limited to the cell phone and laptop referred to in Paragraph 38 of the Complaint, during the pendency of this litigation.

**SO ORDERED.**

Dated: October 11, 2018

*Susan van Keulen*

SUSAN VAN KEULEN
United States Magistrate Judge